IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS D. ARTHUR, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>KIM THOMAS, Interim )<br>Commissioner, Alabama Department )<br>of Corrections, *et al.*, )<br>)<br>Defendants. ) | CASE NO. 2:11-cv-438-MEF<br>(WO – Do Not Publish) |

## **ORDER**

Before the Court is Plaintiff's Motion to Reconsider the Court's August 21, 2012 Order. (Doc. # 71.)  Plaintiff, Thomas D. Arthur, is an Alabama death row inmate facing execution under the Alabama Department of Corrections's ("ADOC") revised lethal injection protocol that replaces the first drug of its three drug cocktail—sodium thiopental—with pentobarbital.[1]  The Court previously dismissed Mr. Arthur's 42 U.S.C. § 1983 action, which challenged Alabama's execution protocol on Eighth Amendment, Equal Protection, and Due Process grounds.  A split panel of the Eleventh Circuit reversed this Court's dismissal of Mr. Arthur's Eighth Amendment and Equal Protection claims and remanded these claims for further factual development.   In accordance with the Eleventh Circuit's majority opinion, this Court ordered that a limited evidentiary hearing be held on Mr. Arthur's Eighth Amendment and Equal Protection claims.  (*See* Aug. 21 Order, Doc. # 58.)

---

[1] On October 25, 2011, the State of Alabama filed a motion to set an execution date with the Alabama Supreme Court.  The State attached the motion to a Notice (Doc. # 35) filed with this Court.

Mr. Arthur's Equal Protection claim, which is the only claim at issue in the present motion, alleged that "Alabama's material deviation from its lethal injection protocol [in failing to] conduct the pinch test for consciousness in the execution of Eddie Powell violates [Mr. Arthur's] right to Equal Protection under the Fourteenth Amendment, by burdening his right to be free from cruel and unusual punishment." *Arthur v. Thomas*, 674 F.3d 1257, 1262 (11th Cir. 2012).[2]  Accepting the Eleventh Circuit's definition of Mr. Arthur's claim, this Court limited the scope of the hearing to two defined issues, one of which being "evidence suggest[ing] that Alabama will likely fail to administer to Arthur the pinch test to gauge his consciousness[.]" (Aug. 21 Order, at 4, Doc. # 58.)  Mr. Arthur now asks the Court to expand the scope of the upcoming hearing by allowing him to seek discovery on "any deviation" from Alabama's lethal injection protocol that may support his allegation that Defendants will treat him disparately from other similarly situated persons. (Def.'s Mot. for Recons., at 7, Doc. # 71.)

The Court recognizes the general rule that "unless otherwise limited by court order," discovery is permitted on "unprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).  The Court further acknowledges that the Federal Rules do not give district courts "blanket authorization . . . to prohibit disclosure of information whenever it deems it advisable to do so," but rather gives them "power to impose

---

[2] As Mr. Arthur alleges, Alabama determines an inmate's consciousness by applying three graded stimuli, first calling the inmate's name, then stroking the inmate's eyelashes, and finally pinching the inmate's arm—the most painful and thus, "the most likely stimuli . . . to reliably assess anesthetic depth." (Am. Compl. ¶¶ 72, 74, Doc. # 11.)

2

conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Adkins v. Christie*, 488 F.3d 1324, 1331 (11th Cir. 2007) (quoting *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944–45 (2d Cir. 1983)).

Nevertheless, this Court has broad discretion[3] in discovery rulings. *Josendis v. Wall to Wall Residence Repairs*, *Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). The Eleventh Circuit's directive to this Court to "conduct any additional proceedings, including an evidentiary hearing, as the district court deems necessary" reinforces this principle. The Court sees no necessity for expanding the scope of the upcoming hearing beyond the limits already set forth in the August 21, 2012 Order (Doc. # 58), beyond the Eleventh Circuit's definition of Mr. Arthur's claim, and beyond the narrow allegations in Mr. Arthur's Amended Complaint.[4]

The Court understands that because discovery is designed to clarify the issues in a given case, it need not be limited to the issues raised in the pleadings. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). However, after reviewing in detail the exhibits Mr. Arthur attached to his Amended Complaint to support his Equal Protection

---

[3] The Eleventh Circuit has instructed that "[d]iscretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Josendis v. Wall to Wall Residence Repairs*, *Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011) (citations and internal quotation marks omitted).

[4] Mr. Arthur's complaint alleged that Defendants' selectively introduced risk into the execution procedure by failing to perform an arm-pinch test—the most painful of the stimuli—in a recent execution. (Am. Compl. ¶ 75.) Mr. Arthur claimed that "Defendants' failure to abide by the procedural safeguards to assess anesthetic depth . . . burdens Mr. Arthur's right to Equal Protection under the United States Constitution." (Am. Compl. ¶ 76.)

claim,[5] the Court concludes that no clarification of the Equal Protection issue beyond that already allowed for in this Court's August 21, 2012 Order is necessary to allow Mr. Arthur to fully advance his claim.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Reconsideration (Doc. # 71) is DENIED.

DONE this the 9th day of October, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE

---

[5] *See* Decl. of Mark Heath, M.D. (Doc. # 12-2); Expert Report of Mark Dershwitz, M.D. (Doc. # 12-13); Aff. of Christine Freeman (Doc. # 12-15); Aff. of Mark D. Schulz (Doc. # 12-16).