IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS D. ARTHUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:11-cv-438-MEF |
| | ) | (WO – Do Not Publish) |
| KIM THOMAS, Interim | ) | |
| Commissioner, Alabama Department | ) | |
| of Corrections, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Plaintiff's Motion for Miscellaneous Relief Relating to the October 18–19 Hearing. (Doc. # 86.) The Court concludes that Plaintiff's motion is due to be DENIED.

On October 4, 2012, this Court ordered that the limited evidentiary hearing in this case will begin on October 18, 2012—as previously scheduled—with all testimony to be heard on that day except for that of Defendants' expert witness, Dr. Mark Dershwitz, who is unavailable on October 18, 2012. This Court further ordered that, upon the conclusion of all but Dr. Dershwitz's testimony, the hearing be recessed until October 19, 2012, to allow Dr. Dershwitz the opportunity to testify by videoconference. The Plaintiff now moves this Court (1) to extend the time allotted for the limited evidentiary hearing in this case; (2) to require Defendants to present the direct testimony of one of their key expert witnesses, Dr. Mark Dershwitz, in writing on October 18, 2012; (3) to allocate two hours and forty-five minutes of the three hours and fifteen minutes that Dr. Dershwitz is available to testify by live

videoconference on October 19, 2012, for Plaintiff's cross-examination of his testimony, leaving Defendants with thirty minutes for any redirect examination; and (4) to allow Plaintiff's counsel to go beyond the scope of Dr. Dershwitz's written direct testimony during their cross-examination. In its motion, counsel for Plaintiff raises the concern that a single day—October 18—will not be enough time for Plaintiff and Defendants to present the testimony of their anticipated witnesses. Plaintiff's counsel makes these requests to avoid a possible dispute over the time allocated to Mr. Arthur's witnesses and to "ensure that Mr. Arthur is provided the opportunity to present his claims fully and fairly." (Doc. # 86, at 2.)

The Court is mindful of Plaintiff's concern regarding the opportunity to fully present his claims and arguments. However, the Court is confident that it is able to adequately manage the amount of time allocated to each party and to provide Plaintiff with a fair opportunity to be heard absent Plaintiff's recently requested relief. The management of this hearing and these proceedings is the job of the Court, not the parties. If the Court determines that the amount of time reserved for this hearing is insufficient to fully accommodate the evidentiary needs of each party, the Court may, in its discretion, allot additional time to the hearing. Accordingly, it is hereby ORDERED that Plaintiff's Motion (Doc. # 86) is DENIED.

DONE this the 10th day of October, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE