IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS D. ARTHUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:11-cv-438-MEF |
| | ) | (WO – Do Not Publish) |
| KIM THOMAS, Interim | ) | |
| Commissioner, Alabama Department | ) | |
| of Corrections, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Plaintiff's Objections and Response to United States Magistrate Judge Terry F. Moorer's October 12, 2012 Order ("Objections") (Doc. #104), which was filed on October 15, 2012. The Court finds that Plaintiff's Objections are due to be OVERRULED as MOOT.

On October 12, 2012, Defendants, hereinafter referred to as the "State," moved for a protective order barring Plaintiff from deposing Glori Shettles and Donald Blocker, two individuals who would "discuss their observations of the consciousness assessment" included in the State's lethal injection execution protocol. (Mot. for Protective Order, Doc. #96, at 3.) More specifically, the State requested an order barring these depositions from taking place in their entirety or, in the alternative, from taking place the same week as the October 18–19, 2012 evidentiary hearing (the "hearing") in this case. (Doc. #96, at 3.) In support of its motion, the State argued that it could not feasibly attend these depositions given the large number of depositions Plaintiff had scheduled the week prior to the hearing and the time the State needed to prepare for the hearing itself. (Doc. #96, at 4.)

Judge Moorer granted the State's motion in part, concluding that it would be "unduly burdensome" for the State to attempt to participate in the depositions of Ms. Shettles and Mr. Blocker the week of the hearing and still have adequate time to prepare for the hearing itself. (Order, Doc. #101, at 1.)  In so ruling, however, Judge Moorer gave Plaintiff leave to "call [Ms. Shettles and Mr. Blocker] as witnesses at the October 18 hearing and conduct follow-up depositions of these persons" after the evidentiary hearing concluded.  (Doc. #101, at 2.)  In sum, Judge Moorer did not grant the State's motion for a protective order in its entirety.

Considering the foregoing, this Court finds that Plaintiff's Objections to Judge Moorer's order precluding Plaintiff from conducting pre-hearing depositions of Ms. Shettles and Mr. Blocker are now moot because the date of the hearing has come and gone.  Moreover, at the evidentiary hearing, the Court admitted into evidence and considered Plaintiff's proffer of the facts to which Ms. Shettles and Mr. Blocker were expected to testify in their depositions.  (Offer of Proof, Pl.'s Ex. 7.)  Thus, the Court finds that Plaintiff has not been unfairly prejudiced by not having had the opportunity to depose these two fact witnesses prior to the evidentiary hearing.  This conclusion is further supported by the fact that Judge Moorer's October 12, 2012 Order does not bar Plaintiff from deposing Ms. Shettles and Mr. Blocker after the hearing to collect additional evidence in support of his Brief in Opposition to Defendant's Motion for Summary Judgment. (Doc. #33.)

Accordingly, it is hereby ORDERED that Plaintiff's Objections and Response to Judge Moorer's October 12, 2012 Order (Doc. #104) are OVERRULED as MOOT.

DONE this the 26th day of October, 2012.

                                                /s/ Mark E. Fuller
                                  UNITED STATES DISTRICT JUDGE