IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS D. ARTHUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:11-cv-438-MEF |
| | ) | (WO – Do Not Publish) |
| KIM THOMAS, Commissioner, | ) | |
| Alabama Department of Corrections, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

Before the Court is Defendants Kim Thomas and Anthony Patterson's ("the State")

Motion to Strike Untimely Declarations Attached to Arthur's Opposition Brief (Doc. #153).

Upon remand to the Court after the Eleventh Circuit reversed the Court's grant of the State's

Motion to Dismiss, the Court ordered a hearing to be held on the following issues: (1) what

new medical, scientific, or other evidence existed that suggested Alabama's switch from

sodium thiopental to pentobarbital constituted a significant change in its execution protocol;

and (2) what evidence existed that suggested Alabama was likely to fail to administer the

pinch test to Arthur in order to gauge his consciousness.  (Doc. #58, at 4; Doc. #132, at 4.)

The hearing was set for October 18, 2012, and by order of the Court the parties were given

until September 28, 2012 to make any Rule 26 expert witness disclosures for "any expert

witness who may testify or present evidence during the October 18, 2012 hearing."  (Doc.

#70.)  At the hearing, which occurred from October 18–19, 2012, the Court made clear that

the hearing was not a trial and that additional discovery may be allowed.  (Doc. #132, at 4.) After the hearing, the Court allowed additional discovery based on issues raised at the hearing and set a new discovery deadline for March 22, 2013.  (Doc. #142.)

Counsel for Plaintiff Thomas Arthur ("Arthur") served the State with four new expert witness declarations on October 21 and October 22, 2013–the very end of the discovery period.  The first declaration is by Dr. Bannister and is offered in support of the theory, presented by Dr. Melethil at the hearing on October 19, 2012, that a significant portion of pentobarbital will precipitate upon its injection into the IV line, which would reduce the amount of pentobarbital reaching the inmate and potentially reduce its effectiveness as an anaesthesia-inducing agent prior to the injection of the next two drugs in the lethal injection protocol.  (Doc. #152-1, Ex. 7.)  The second declaration is by Dr. Lubarsky, who testified at the hearing on October 18, 2011, and states that Dr. Bannister's declaration is consistent with published studies on pentobarbital.  (Doc. #152-1, Ex. 8.)  The third declaration is by Dr. Strader and states that injection of a large bolus of pentobarbital into a person with obstructive coronary artery disease is likely to induce a heart attack.  (Doc. #152-1, Ex. 9.) The fourth declaration by Dr. Heath, who testified at the hearing on October 19, 2012, states that he has read and endorses Dr. Strader's declaration.  (Doc. #152-1, Ex. 10.)

The State has moved to strike all four declarations on the grounds that they: (1) violate this Court's order setting September 28, 2012 as the deadline for disclosure of expert witnesses for the October 18 hearing; (2) violate the Rules of Civil Procedure; and (3) constitute an improper attempt by Arthur to amend his complaint at the summary judgment

2

stage.  (Doc. #153.)  For the reasons discussed below, the State's motion is due to be
GRANTED IN PART and DENIED IN PART.

## I. DISCUSSION

**A.    Arthur's declarations are not due to be struck as violating a Court order or the Federal Rules of Civil Procedure**.

In ordinary cases, the deadlines for expert witness disclosures conform to the deadline
required in Rule 26(a)(2)(D) and allow time to depose expert witnesses well before the close
of discovery.  However, due to its unusual procedural history, the Court did not issue a
Uniform Scheduling Order with a trial date and deadlines for expert disclosures in this case.
Rather, upon remand to this Court, the Court issued an order scheduling the limited hearing
mandated by the Eleventh Circuit in *Arthur v. Thomas*, 674 F.3d 1257 (11th Cir. 2012).
(Docs. #58, 67.)  Orders of September 5 and 11, 2012, set deadlines for expert disclosures
only for witnesses "who may testify or present evidence during the October 18, 2012
hearing." (Docs. #66, 70.)  The March 22, 2013 deadline for additional discovery set after
the October 18–19, 2012 hearing was again imposed by Court order and did not include a
trial date. (Doc. #142.)  Therefore, Arthur is correct that his expert disclosures submitted on
October 21 and 22 were within the discovery deadline set by the Court and were not
excluded by the expert disclosure deadline set in Doc. #70, which limited itself to disclosure
of experts to be used at the October 18 hearing.  Nor could the October 21 and 22 disclosures

violate Rule 26(a)(2)(D) since a trial date has not been set in this case.[1]  The late declarations are technically within the time limits set by this Court.

Although Arthur did not violate the Federal Rules of Civil Procedure, a Local Rule, or any order of this Court, the Court must note that Arthur's last-minute submission of new expert declarations suggests bad faith and an attempt to manipulate the litigation process. While Arthur's action was within the letter of the Rules, it was not within their spirit.

## B.   Dr. Strader's and Dr. Heath's declarations are improper attempts to amend Arthur's complaint at the summary judgment stage.

The State also argues that the expert declarations are an improper attempt by Arthur to amend his complaint at the summary judgment stage by introducing new theories of Eighth Amendment violations.  (Doc. #153, at 14–21.)  A non-moving party plaintiff may not raise a new legal claim for the first time in response to the opposing party's summary judgment motion.  *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1314 (11th Cir. 2004).  While Rule 8(a)'s liberal standards apply at the pleading stage of litigation, Rule 8(a)'s standards "are inapplicable after discovery has commenced."  *Id*. at 1315.  At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Rule 15(a).  *Id*.

The State argues that Dr. Bannister's declaration should be struck because Arthur never mentioned the precipitation theory in his complaint and argues likewise with respect

---

[1] Rule 26(a)(2)(D) states that expert witness disclosures must be made, absent a court order, "at least 90 days before the date set for trial."

to Dr. Strader's declaration that the injection of pentobarbital is likely to cause Arthur to have a heart attack.  (Doc. #153, at 16–17.)  The Court finds that Dr. Bannister's declaration does not introduce a new claim or theory but that Dr. Strader's declaration does.

At all times for the more than two years that this case has been pending, the basis of Arthur's constitutional claims has been clear: Alabama's substitution of pentobarbital for sodium thiopental will cause Arthur unnecessary pain and suffering because pentobarbital is slower-acting than sodium thiopental due to chemical differences between the two drugs, and pentobarbital, in conjunction with Alabama's lethal injection protocol, is thus likely to leave Arthur less than fully anaesthetized before he is injected with pancuronium bromide and potassium chloride.  (Doc. #11, ¶¶ 57–67, 102.)  This was the Eleventh Circuit's understanding of Arthur's claims when it remanded the case to this Court to conduct an evidentiary hearing.  *Arthur v. Thomas*, 674 F.3d 1257, 1259 (11th Cir. 2012) ("Arthur alleges that pentobarbital takes substantially longer to render an inmate fully insensate than sodium thiopental and, as a result of this delayed effect, there is a significant risk that Alabama administers the second and third drugs in its lethal injection procedure before pentobarbital has taken effect.").  As a result, the October 18 and 19 hearing consisted primarily of expert testimony on the differences between pentobarbital and sodium thiopental and the relative speed with which these two drugs produced an anaesthetic effect.

Dr. Melethil testified on behalf of Arthur that, in his opinion, a large portion of the pentobarbital would precipitate in the IV line and thus fail to reach the inmate, whereas the greater solubility of sodium thiopental would result in less precipitation.  (Doc. #133, at

5

123–27.)  Dr. Melethil's testimony was intended to show that pentobarbital would act more slowly as administered in Alabama's lethal injection protocol because less of it would reach the inmate due to precipitation, whereas sodium thiopental would act more quickly because it was less likely to precipitate.  Dr. Melethil's testimony is thus related to the claim made in Arthur's complaint that pentobarbital will not sufficiently anaesthetize him in the time allowed in Alabama's lethal injection protocol.  Dr. Bannister's declaration submitted with Arthur's response to the State's motion for summary judgment opines that as much as half of the pentobarbital injected in accordance with Alabama's lethal injection protocol will precipitate, whereas sodium thiopental will not.  (Doc. #152-1, Ex. 7, at ¶ 8.)   This declaration was intended to bolster a theory already advanced at the October 19 hearing and was also a theory consistent with Arthur's claim in his Amended Complaint that pentobarbital is slower-acting as administered by Alabama's lethal injection protocol.  The Court thus found Dr. Bannister's declaration contributed to raising a triable issue concerning the speed with which pentobarbital acts in the lethal injection context in the memorandum opinion and order denying the State's motion for summary judgment.  (Doc. #159, at 16.) Thus, Dr. Bannister's declaration, and the supporting declaration of Dr. Lubarsky, are not due to be struck as introducing new claims at the summary judgment stage.

However, Dr. Strader's declaration is another matter.  Dr. Strader's declaration attempts to introduce an entirely new theory of Eighth Amendment violation by opining that the injection of pentobarbital is likely to cause Arthur to have a heart attack due to his pre-existing obstructive coronary artery disease.  (Doc. #152-1, Ex. 9, at ¶ 2.)  This is an

impermissible attempt to amend Arthur's complaint at the summary judgment stage to add a new claim. Eleventh Circuit precedent establishes that a party impermissibly asserts a new claim at the summary judgment stage where the party asserts new facts that would provide a new theory of recovery. The new claim need not involve assertion of an entirely independent legal right but new facts that would provide a theory of recovery under a previously asserted legal right. *See Merle Wood & Assocs., Inc. v. Trinity Yachts, L.L.C.*, 714 F.3d 1234 (11th Cir. 2013); *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244 (11th Cir. 2012).

In *GeorgiaCarry*, the plaintiffs claimed, among other things, that a Georgia law prohibiting them from carrying guns into houses of worship infringed their right to free exercise of religion. 687 F.3d at 1249. At the summary judgment stage, the plaintiffs included additional facts in an attempt to bolster allegations in their complaint that the law burdened their right to the free exercise of religion. 687 F.3d at 1258 n. 27. The Eleventh Circuit refused to consider these additional facts in affirming summary judgment because the Amended Complaint did not contain the facts that supported this new theory of Free Exercise violation, and the plaintiffs thus improperly attempted to amend their complaint at the summary judgment stage. *Id.* In *Merle Wood*, the plaintiff attempted to change factual assertions in its complaint about when it conferred a benefit on the defendant, which would mark when the statute of limitations began to run, with a different theory about when it conferred a benefit on appeal. 714 F.3d at 1238. The court held this was an improper attempt by plaintiffs to amend their claims. The court stated that "[p]laintiffs are masters of

7

their claims" and that a court may "not simply ignore the allegations in the complaint" at the summary judgment stage.  *Id*.

In *GeorgiaCarry* and *Merle Wood*, the plaintiffs did not assert new legal rights, but asserted additional facts constituting a new theory of recovery under a previously asserted right.  *See also Cruz v. Advance Stores Co.*, 842 F. Supp. 2d 1356 (S.D. Fla. 2012) (prohibiting plaintiff from introducing new facts that would establish a new theory of negligent supervision at summary judgment even though the complaint already contained a claim for negligent supervision).  The assertion that pentobarbital will cause Arthur to have a heart attack is a factual assertion that is completely unrelated to the factual assertions constituting the original theory of Eighth Amendment and Equal Protection violations asserted in the Amended Complaint.  The Amended Complaint states that pentobarbital will not take full effect before the second and third drugs in the protocol are injected, and that Arthur cannot be sure prison officials will apply the pinch test to him to determine whether he is conscious before injecting the second and third drugs.  (Doc. #11, ¶¶ 57–67, 102, 111–117.)  Dr. Strader's opinion that pentobarbital will cause Arthur to have a heart attack has nothing to do with the length of time in which pentobarbital takes effect and whether prison officials will properly insure he is under anaesthesia.  It is an entirely distinct theory of Eighth Amendment violation and is an improper attempt by Arthur to amend his complaint at the summary judgment stage.  As a result, the Court's memorandum opinion and order denying the State's motion for summary judgment made no reference to Dr. Strader's declaration or the heart attack theory.  Dr. Strader's declaration, and Dr. Heath's declaration

in support of Dr. Strader's conclusions, are both due to be struck.

## II. CONCLUSION

For the reasons discussed above, it is hereby

ORDERED that the State's Motion to Strike (Doc. #153) is GRANTED IN PART and DENIED IN PART.  The declarations of Dr. Strader (Doc. #152-1, Ex. 9.) and Dr. Heath (Doc. #152-1, Ex. 10) that were submitted with Arthur's brief in opposition to the State's motion for summary judgment are hereby STRICKEN.

It is further ORDERED that a status conference in this case is set for **March 4, 2014, at 9:00 A.M.** in the United States Courthouse, One Church Street, Courtroom 2A, Montgomery, Alabama.

DONE this the 5th day of February, 2014.

/s/   Mark E. Fuller
UNITED STATES DISTRICT COURT