IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS D. ARTHUR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:11-cv-438-WKW |
| | )   (WO – Do Not Publish) |
| WALTER MYERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is Plaintiff Thomas D. Arthur's Motion for Leave to File Third Amended Complaint (Doc. #256), which was filed on August 25, 2015. The State filed an opposition on September 10, 2015 (Doc. # 261), and Arthur filed a reply on September 17, 2015 (Doc. # 262). Having considered the foregoing, and for the reasons explained below, the court finds that Arthur's motion is due to be GRANTED IN PART and DENIED IN PART.

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Ala. Ct. of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). However, Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]o successfully oppose a motion for leave to amend, the opposing party must provide a substantial reason to the court." *Shorter v. Dollar*,

No. 3:11-cv-531-WHA, 2012 WL 602357, at *2 (M.D. Ala. Feb. 24, 2012) (alteration to original).  "Such reasons include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'"  *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

Arthur seeks amendment of his complaint to include additional allegations concerning pentobarbital as an alternative method of execution, to allege sodium thiopental and the firing squad as additional alternative methods of execution, and to include additional allegations concerning the constitutional inadequacy of midazolam as used in the State's current lethal injection protocol.  The court will grant Arthur leave to amend his complaint to include all of these proposed allegations **except** those identifying a firing squad as an alternative method of execution.  This is because execution by firing squad is not permitted by statute and, therefore, is not a method of execution that could be considered either feasible or readily implemented by Alabama at this time.  *See* Ala. Code § 15-18-82.1(a)−(b).

Accordingly, it is ORDERED that Arthur's motion for leave to amend (Doc. # 256) is GRANTED IN PART and DENIED IN PART.  It is DENIED to the extent Arthur seeks to include a firing squad as an alternative method of execution and GRANTED in all other respects.  Arthur shall file, **on or before October 13, 2015**, the proposed amended complaint attached as Exhibit A to his motion for leave to

file third amended complaint, with references to a firing squad being removed in accordance with this Order.  It is further ORDERED that the State's motion to dismiss (Doc. # 244) is DENIED with LEAVE TO REFILE within **seven (7) days** after the filing of Arthur's third amended complaint.

DONE this 5th day of October, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
