# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| CAREY DALE GRAYSON, | ) | |
| DEMETRIUS FRAZIER, | ) | |
| DAVID LEE ROBERTS, | ) | CIVIL ACTION NO |
| ROBIN DION MYERS, | ) | 2:12-CV-316-WKW |
| GREGORY HUNT, | ) | 2:13-CV-781-WKW |
| | ) | 2:14-CV-1028-WKW |
| Plaintiffs, | ) | 2:14-CV-1029-WKW |
| | ) | 2:14-CV-1030-WKW |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| JEFFERSON S. DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DANIEL BUFFINGTON, PHARMD, MBA

Before me, the undersigned notary public, personally appeared Daniel Buffington who, after being duly sworn by oath, did depose and say as follows:

1.    My name is Dr. Daniel Buffington. I am a clinical pharmacologist and serve as the President and Practice Director for Clinical Pharmacology Services in Tampa, Florida.  I am on the factulty at the University of South Florida Colleges of Medicine and Pharmacy.

2.    I was retained by counsel for the Defendants, the State of Alabama Office of Attorney General, as an expert witness in this matter to provide scientific feedback on non-health-care-related inquires pertaining to the mechanisms of action, methods of administration, and pharmacological effects of medications that are employed in lethal injection protocols.   In particular, I was asked to opine about the pharmacological effects of midazolam.  I was not asked, however, to render a specific opinion on the availability or feasibility of obtaining either

1

compounded pentobarbital or sodium thiopental or to assist the State of Alabama's Department of Corrections in locating a compounding pharmacist to compound pentobarbital.

3.      I was deposed by counsel for the Plaintiffs on March 17, 2016 in Birmingham, Alabama.  During the deposition, counsel for the Plaintiffs asked me several questions about the process of compounding pentobarbital.  I testified that the process of compounding pentobarbital from a pharmaceutically available powder-based product formulation is not difficult, and that it would be possible to identify appropriately trained individuals who had the facilities and equipment necessary to compound pentobarbital.  I also testified that the use of pharmaceuticals in lethal injections is an area of open discussion in the pharmacy community and that some colleagues I have encountered at professional events such as national conventions and conferences have commented that they would be willing to compound pentobarbital for use in lethal injections. When asked by Plaintiffs' counsel whether I would be willing to provide names of pharmacists capable of compounding pentobarbital to counsel for the Defendants, I stated that I would need to contact these individuals first to determine whether they would be interested and willing to be contacted by the State of Alabama's Department of Corrections regarding a request to compound pentobarbital.

4.      Subsequent to that deposition, I was asked by counsel for the Defendants to contact compounding pharmacists and pharmacies that I believed were capable of compounding pentobarbital to inquire if any were willing to be contacted directly by the ADOC concerning the performance of this type of technical service. I informed counsel for the Defendants that I did not feel that it was professionally appropriate to provide the names of pharmacists or pharmacies for this purpose until I had contacted them personally as previously stated in section 3 of this affidavit.

5.      I have since contacted 15 pharmacists to inquire about their level of interest and/or ability to compound pentobarbital and their willingness to provide it to the ADOC.   The pharmacists that I contacted were located within Alabama and outside the state of Alabama. All of the pharmacists that I contacted were appropriately trained and had the necessary equipment and facilities to compound pentobarbital with pharmaceutically available ingredients.

6.      I contacted each of these pharmacists by phone or inperson. In each of these conversations, I asked them questions about their capability to compound sterile pentobarbital for intravenous (IV) use, including questions relating to their facilities, equipment, and access to appropriate ingredients, as well as their willingness to provide such products for use in a state approved lethal injection protocol.

7.      None of the 15 pharmacists that I contacted were able and willing to supply compounded pentobarbital for use in lethal injections to the ADOC.   In addition, none of the pharmacists provided me permission to share their names and contact information with the ADOC or counsel for the Defendants.   Some of the pharmacists that I talked to were not interested in providing drugs for use in lethal injections, some indicated that they would have difficulty with access to the pharmaceutical supplies and raw materials needed to compounded pentobarbital. Others expressed concerns pertaining to the potential for violent retaliations by either political and social advocacy groups that oppose the application of government sanctioned capital punishment. While pentobarbital is readily accessible in the United States, it has been generally restricted to research trials and veterinary use. In any event, no one authorized me to disclose their names or contact information to the ADOC as a potential source for compounding drugs for use in an execution.

3

8.      I maintain my belief that there are pharmacists in the United States that are able to compound pentobarbital for use in lethal injections because other states have been reported to have obtained compounded pentobarbital for use in executions. However, I have not been able to locate, at this time, a pharmacist or pharmacy willing and able to compound pentobarbital for the ADOC, as none of the pharmacists that I contacted indicated that they were able and willing to provide compounded pentobarbital to the ADOC for use in a lethal injection.

Further affiant sayeth not.

I, Dr. Daniel Buffington, declare under penalty of perjury that the foregoing is true and correct and is based on my own personal knowledge.

Dr. Daniel Buffington

Sworn to and subscribed before me on this 22nd day of April, 2016.

NOTARY PUBLIC

My Commission Expires:

MARJORIE W. KOPEC
Commission # FF 217661
Expires August 5, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

4